IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TWILA J. BOSWELL )
) No. 15-858
v.

CAROLYN W. COLVIN

**MEMORANDUM ORDER**

Plaintiff filed an application for benefits, based on allegations of physical and mental impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review, and this appeal followed. Before the Court is Defendant's Motion to Dismiss Plaintiff's pro se Complaint as untimely.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is an appropriate vehicle for challenging the timeliness of a social security appeal. Raffinee v. Comm'r of Soc. Sec., 367 F. App'x 379, 380 (3d Cir. 2010). Dismissal is appropriate when, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Id. at 555. All factual allegations must be read in the light most favorable to the non-moving party. Tuno v. NWC Warranty Corp., 552 Fed. Appx. 140 (3d Cir. 2014). Further, pro se pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). I have considered the parties' submissions according to these standards.

A complaint seeking judicial review of an administrative decision denying social security benefits must be filed within sixty days after the mailing to claimant of notice of the decision. 42

U.S.C. § 405(g). This sixty-day time limit constitutes a limitations period, and must be strictly construed. Whiteley v. Colvin, 2015 U.S. Dist. LEXIS 56045, at *7 (M.D. Pa. Mar. 12, 2015). In this case, the Appeals Council mailed its denial notice to Plaintiff on February 25, 2015. The notice informed Plaintiff of her right to commence an action within sixty days from the date of receipt of the notice. Plaintiff initiated this action on July 1, 2015, many months after the filing deadline expired. Plaintiff acknowledges that the deadline had passed at the time that she commenced her appeal, and that she never sought an extension of time.

Therefore, I look to whether the sixty-day period should be tolled. Equitable tolling is an extraordinary remedy, and must be applied sparingly. Id.; Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009). Equitable tolling may apply "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012). Plaintiff does not aver that the Government in any way prevented her from complying with the filing deadline, or that she timely but mistakenly asserted her rights elsewhere; accordingly, I must consider whether she was, in some extraordinary way, prevented from asserting her rights.

Plaintiff explains that she did not understand the legal terminology, and asked a friend for help. Her friend did not return her paperwork for over two months, on June 29, 2015, at which time the deadline had expired. Accordingly, within a matter of days, Plaintiff called the local clerk's office and asked for assistance regarding filing, and then went to the office to submit her pleadings. Accepting as true the facts alleged by Plaintiff, those facts simply do not constitute the type of very unusual or shocking circumstances required in order for the uncommon remedy

of tolling to apply. Moreover, Plaintiff's assertion that she has been diagnosed with bi-polar depression, anxiety, and confusion "at times," and has issues with reading and comprehension "at times," cannot alter this conclusion, as mental illness is a basis for tolling only under exceptional circumstances of the type not present here. See Kach v. Hose, 589 F.3d 626, 645 (3d Cir. 2009). I note that immediately after the return of her paperwork, Plaintiff was able to seek out and accomplish the means to file this appeal, and to submit to the Court an extremely coherent and articulate statement on her own behalf.

In sum, I empathize with Plaintiff's plight, but I am bound by applicable legal standards to dismiss her Complaint as untimely.

AND NOW, this 18th day of February, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court